Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037

+1 202 339 8400
orrick.com

**Behnam Dayanim**

**E** bdayanim@orrick.com
**D** +1 202 339 8613
**F** +1 206 839 8500

November 13, 2026

**<u>BY CM/ECF</u>**

David J. Smith, Clerk of Court
United States Court of Appeals for the
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 303030

Re: *Kennedy v. VGW Holdings Ltd.*, No. 25-12637

Dear Mr. Smith:

I write, pursuant to Rule 28(j), in response to Plaintiff's November 12, 2026 notice of supplemental authority. ECF No. 30. Plaintiff cites two decisions that predate this appeal. Rule 28(j) does not authorize their submission. This Court permits a supplemental filing only "when it addresses 'intervening decisions or new developments' regarding the issues raised in the initial brief." *Rodriguez v. Scott*, 775 F. App'x 599, 601 (11th Cir. 2019) (quoting *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000)); *see also, e.g.*, *United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006). Years-old decisions are neither intervening nor new. Having declined to cite them in her opening brief in this Court—and thus denied Defendants the opportunity to address them in their response brief—Plaintiff cannot belatedly submit these decisions now.

The decisions are no help to Plaintiff in any event. *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028 (W.D. Wash. 2018), is an out-of-circuit district court opinion that addressed notably different facts. Among other distinctions, the plaintiff there, unlike Plaintiff here, never agreed to a forum-selection clause, *id.* at 1038—a critical jurisdictional consideration. *Wilson*'s abbreviated legal analysis is also unpersuasive on its own terms. In a single paragraph purporting to apply the Ninth Circuit's purposeful-availment standard, *id.* at 1035, *Wilson* relies on a misguided analogy to *Helicopter Transportation Services, LLC v. Sikorsky Aircraft Corp.*, 253 F. Supp. 3d 1115 (D. Or. 2017). But the defendant in *Helicopter Transportation* went beyond operating a website and "sen[t] parts" for helicopters "to Oregon" customers. *Id.* at 1129. Delivering physical goods to the forum state is precisely the sort of jurisdictional hook missing from this case.

*Thompson v. Handa-Lopez. Inc.*, 998 F. Supp. 738 (W.D. Tex. 1998), is even further afield. Factually, the plaintiff never agreed to a forum-selection clause and the alleged workings of the website's gameplay were nothing like those at issue here. *See id.* at 741, 745. Legally, *Thompson* is three decades old and applies outdated standards that have been supplanted by rules tailored to the modern internet. Those rules compel dismissal of Plaintiff's claims.

Sincerely,

/s/ *Behnam Dayanim*

Behnam Dayanim
*Counsel for Defendants-Appellees*

cc. Counsel of record (via CM/ECF)